MONROE, Judge,
dissenting.
I disagree with the language in the majority’s opinion that the Paces are held to the knowledge and understanding of their attorney as that knowledge and understanding relates to Alabama law, and that because the Paces had consulted with their attorney, they cannot justifiably rely on any representations made by Colonial Penn. By holding that as a matter of law, one cannot rely on the factual representations of another if he first consults with an attorney, the majority is precluding people from having access to the courts for a determination about whether some other person or entity misrepresented material facts. The result is that individuals or entities could make material misrepresentations with impunity, yet an attorney representing a client on the matter would be risking a malpractice claim by acting in accordance with those representations.
I also believe that the trial court erred in entering a summary judgment on the Paces’ claim for promissory fraud. The Paces presented evidence that Colonial Penn employees had agreed to pay the Paces’ claim, and that they were relying on that assurance when they began removing damaged portions of the house. Colonial Penn employees testified, however, that the insurance company had never agreed to pay the claim.
The record shows that a genuine issue of material fact exists as to the promissory fraud claim, and the trial court should not have entered a summary judgment for Colonial Penn on that claim. Because I would reverse the judgment of the trial court, I must respectfully dissent.